UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| S.A.T., a minor by her mother CONSUELO ARVIZU, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) |
| Defendant. | ) |

No. 1:16-cv-0627-DKL-WTL

*Entry on Judicial Review*

Plaintiff appeals the Commissioner's denial of her application for supplemental security income benefits protectively filed on behalf of her minor child, S.A.T. At the time of the Administrative Law Judge's decision, S.A.T. was thirteen years old. She has been diagnosed with attention deficit hyperactivity disorder, oppositional defiant disorder, mood disorder, generalized anxiety disorder, and depression. The claimant has received school-based services, individual and group therapy, and prescription medications in an effort to improve her mental health. The Administrative Law Judge (ALJ) determined that claimant does not have an impairment or combination of impairments that meets, medically equals, or functionally equals the severity of any listed impairment. [*Recommended Decision*, doc. 14-2 at 13-14.] Therefore, the ALJ concluded that the claimant was not disabled. [*Id.* at 23.]

Plaintiff contends that she met her burden of proving that the claimant's disorders and GAF score of 48 "rendered her totally, functionally disabled" [*Plaintiff's Brief*, doc. 21 at 9] and that the ALJ erred in rejecting the functional evaluation of claimant's teacher, Seania Stephens. The parties have consented to the Magistrate Judge's jurisdiction. For the reasons that follow, the case must be remanded.

Review of the ALJ's decision is limited, but an ALJ must build an accurate and logical bridge between the evidence and her conclusions. *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015). Courts do not "scour the record for supportive evidence or rack [their] brains for reasons to uphold the ALJ's decision." *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014). Under the *Chenery* doctrine, the Commissioner's brief cannot expand on the ALJ's rationale to support the result, and courts cannot affirm on a basis not articulated by the ALJ. *See SEC v. Chenery Corp.*, 318 U.S. 80, 87-88 (1943); *Hanson v. Colvin*, 760 F.3d 759, 762 (7th Cir. 2014).

Plaintiff's first argument is undeveloped. Courts need not consider "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority"; such arguments are waived. *Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016). In any event, a mere diagnosis does not prove disability. *Philpott v. Colvin*, No. 1:13-cv-1708, 2014 WL 4244299, at *4 (S.D. Ind. Aug. 26, 2014) ("[T]he mere 'diagnosis of an impairment does not establish the severity of the impairment.'") (quoting *Flint v. Astrue,* 2013 WL 30104, *5 (S.D. Ind. 2013) (citing *Estok v. Apfel,* 152 F.3d 636, 639–40 (7th Cir. 1998)). And a "low GAF score alone is insufficient to overturn [an] ALJ's finding of no disability[.]" *Yurt v. Colvin*, 758 F.3d 850, 860 (7th Cir. 2014).

2

But Plaintiff's second argument has traction. In September 2014, the claimant's teacher, Ms. Stephens, completed a single-paged form, evaluating the claimant's abilities in the six domains that the agency uses to determine whether a child's impairment or impairments functionally equals or equal the severity of a listed impairment (*see* 20 C.F.R. §§ 416.924(d), 416.926a.) [Doc. 14-9 at 87.] An impairment is of listing-level severity if the child has "marked" limitations in two of the domains or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a), (d). The teacher opined that the claimant has a marked limitation in two domains: attending and completing tasks, and interacting and relating to others. However, the ALJ gave the opinion "little weight," reasoning that "Ms. Stephens is not a[n] acceptable medical source pursuant to the rules and regulations of the Social Security Administration and does not have specialized knowledge of the rules and regulations of the Social Security Administration." [R. 17.]

The ALJ erred in rejecting the teacher's opinion. An "acceptable medical source" is needed to establish whether a claimant has a medically determinable impairment, *see* 20 C.F.R. §§ 416.908, 416.913(a); however, other sources, including school teachers, may be used "to show the severity of [a claimant's] impairment(s) and … how [the claimant] typically function[s] compared to children [her] age who do not have impairments." 20 C.F.R. § 416.913(d); *see also* 20 C.F.R. § 416.926a (functional equivalence for children). Plaintiff had already proven to the ALJ that the claimant has severe impairments; the teacher's opinion was evidence of their severity. The ALJ erred in giving little weight to the opinion because the teacher was not an "acceptable medical source."

And while Ms. Stephens may lack specialized knowledge of the agency's rules and regulations, the ALJ's reasoning here is internally inconsistent with her decision to give weight to another teacher's opinion about the claimant's function. The ALJ repeatedly cites to a "teacher questionnaire" from 2012 to support her conclusions regarding the claimant's functioning in the six domains [R. 18-22], but there is no hint in the record that this teacher, in contrast with Ms. Stephens, has specialized knowledge of the agency's rules and regulations. The Commissioner argues that this earlier report is more detailed than the one-page form completed by Ms. Stephens. But the ALJ does not rely on the lack of detail in weighing Ms. Stephen's opinion. Therefore, the Court cannot affirm on this basis. There may be good reasons for giving Ms. Stephens's opinion little weight, but the Court will not come up with reasons to uphold the decision when the ALJ did not articulate them. It is the ALJ who has to "build an accurate and logical bridge from the evidence to [her] conclusion." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000) (citations omitted).

*Conclusion*

For the foregoing reasons, the case will be remanded for further proceedings consistent with this Entry.

DATED: 1/24/2017

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Electronic distribution to counsel of record